[No. 20411.   Department Two.  March 30, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. W. A.
GODWIN, *Appellant*.[1]

[1] RAPE (17-1, 23)—EVIDENCE—ADMISSIBILITY—INCRIMINATING CIR-
CUMSTANCES.   In a prosecution for statutory rape, it is not
error to receive the evidence of a friend of the prosecuting wit-
ness to the effect that the accused had requested her to have
the same relations with him as he was having with the
prosecuting witness.

[2] RAPE (35)—INSTRUCTIONS—REFUSAL—HARMLESS ERROR.   In a
prosecution for statutory rape, it is proper to refuse a requested
instruction to the effect that prosecutions of this character offer
large opportunity for the free play of malice and private
vengeance.

[3] APPEAL (473)—REVIEW—FORMER DECISION AS LAW OF CASE.   A
conviction upon the same evidence which has twice been held
by the supreme court to be sufficient is conclusive as to the
sufficiency of evidence.

Appeal from a judgment of the superior court for
Pierce county, Remann, J., entered February 13, 1926,
upon a trial and conviction of statutory rape.
Affirmed.

*Henry Arnold Peterson,* for appellant.

*J. A. Sorley,* for respondent.

BRIDGES, J.—A jury found the appellant guilty of
carnally knowing a female child of the age of thirteen
years.   From the judgment entered on the verdict he
has appealed.

[1]   The name of the prosecuting witness was Pau-
line Carr, and she had a friend by the name of Frances
Lesnick, with whom the appellant was acquainted.
Miss Lesnick testified that the appellant had re-
quested her to have the same relations with him that
he was having with the prosecuting witness, that is,

[1]Reported in 254 Pac. 838.

sexual intercourse. The receipt of this testimony, over objection, is the first ground stated for a reversal of the judgment. The testimony was properly received. It was not offered for the purpose of showing that the appellant had committed or was desirous of committing some other crime, but to show that he had admitted to Miss Lesnick that he was having sexual relations with Pauline Carr. This witness further testified that the prosecuting witness had told her that appellant was having sexual intercourse with her. Whether this testimony was properly receivable, we need not decide, because no objection was made to it.

[2] The appellant next contends that the court erred in not giving his requested instruction to the effect that prosecutions of this character afford much opportunity for the free play of malice and private vengeance, and for that reason the jury should give the evidence careful scrutiny. The trial court very fully and properly instructed the jury on all material matters and, so far as was proper, covered the requested instruction, but the court was entirely justified in refusing to give the request, not only because it was sufficiently covered otherwise, but because its language was too intemperate and too much in the nature of an argument to the jury.

[3] It is earnestly argued that the testimony is wholly insufficient to justify the verdict, that the evidence given by the state's witnesses, and particularly that of the prosecuting witness, was contradictory, unreasonable and unworthy of belief. There was, however, ample testimony to justify the verdict, and it was for the jury to determine what witnesses it would believe and what it would not believe. Twice before appellant has been found guilty of this offense, each time on practically the same testimony we now have before us, and each time he has appealed to this court and in

each appeal we have held that the testimony was sufficient to support the verdict of the jury. We so hold again. The last trial was, so far as we can see, a perfectly fair one, and we think he has no cause for complaint.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, PARKER, and ASKREN, JJ., concur.